### WITMER's Executors *v.* EBERSOLE.

Where a testator directed a residuary portion of his estate to be distributed among *"all his heirs, and his wife's heirs,"* who are to *"share equal share alike ;"* it was held, that the wife's nephew, and each of her nieces, they being the next of kin to the wife of testator at the time of his death, and the persons entitled to distribution of *her estate,* under the statute, if she had died intestate, were the origin of a separate stock, claiming and taking not by representation through the testator's wife, but as immediate legatees of the testator under his description of them, as his wife's heirs, and being of equal degree in the scale of descent, they all took portions.

IN error from the Common Pleas of Lancaster county.

*Nov.* 30.    This was a case stated for the opinion of the court below, in which, Jacob Ebersole and Barbara his wife, Samuel Becker and Nancy his wife, and Joseph Snively, administrators of John Schwartz, deceased, the defendants in error, were plaintiffs, and John Ebright, surviving executor of Abraham Witmer, deceased, was defendant.    It was agreed, that no exception should be taken to the form of action, or joinder of parties, as the only object of the proceeding was to raise the question to be decided ; and that either party was at liberty to take a writ of error.    The following are the material facts as appeared by the case stated. Abraham Witmer, of Chapman township, Union county, having made his last will and testament, died on the 21st of February, 1826, leaving a widow, Mary, but no issue.    By his will, the testator, after devising to his wife a tract of land for *her own use,* and making further provisions for her, and giving to various persons specific legacies to a considerable amount, of which, $2400 were bequeathed to his relatives, directed as follows : " Further, it is my will and desire, if the above heirs have *drawn* their portion, and of the overplus, if any, it is my will *that all my heirs, and my wife's heirs, not herein aforesaid mentioned, are to share equal share alike.''*    After the payment of all the specific legacies, a balance of $5300 remained in the hands of the executor of the testator for distribution, under the residuary clause above stated.    In February, 1844, Mary Witmer, the widow of Abraham Witmer, the testator, died, having first made her last will and testament, in and by which she disposed of her estate.    At the time of the death of Abraham Witmer, in February, 1826, the following named persons were his heirs, and next of kin under his said will : Herman Witmer, a brother, Ann Eberly, a sister, and Jacob Knop, an only child of Mary Knop, a sister, who died in 1799.

Herman Witmer died in January, 1829, leaving three children,

to wit: Dr. John Witmer, Jacob S. Witmer, Elizabeth, the wife of Daniel Graybill.

Ann Eberly died in February, 1831, leaving issue, four children, to wit: Jacob Eberly, still living; John Eberly, died, leaving issue, three children; Henry Eberly, died, leaving seven children, having first assigned to Dr. John Witmer; Mary Cross, married to Peter Cross, now deceased, leaving two children, named Jacob Cross and Maria Cross. (She died in 1842.)

Jacob Knop is still living.

At the time of the decease of Abraham Witmer, in February, 1826, the following named persons were the next of kin of Mary Witmer, his widow:

John Schwartz, the son of a deceased brother John Schwartz, deceased, who died in 1799, and Barbara, the wife of Jacob Ebersole, the daughter of said John Schwartz, a plaintiff; Nancy, the wife of Samuel Becker, daughter of said John Schwartz a plaintiff.

John Schwartz, the son, died in January, 1842, leaving a widow named Nancy and issue, ten children, to wit: Mary, married to Jacob Hagy, Elizabeth Schwartz, John Schwartz, Nancy, married to Daniel S. Schenck, Sally Schwartz, Susanna Schwartz, Henry Schwartz, Catherine Ann Schwartz, Leah Schwartz, Samuel Schwartz.

Joseph Snively, one of the plaintiffs, was the administrator of John Schwartz, deceased. The plaintiffs contended that they were entitled to one-half of the money remaining in the hands of the defendant for distribution. The next of kin of the testator, who defended, contend that the plaintiffs were entitled only to the one-fourth part of the said money, and that they, themselves, were entitled to the remaining three-fourths. The only question submitted was, to what amount of the said money were the plaintiffs entitled? Judgment to be entered for the sum to which the plaintiffs were entitled, under the opinion of the court.

By the court, (LEWIS, P. J.) the testator directs a residuary portion of his estate to be distributed among "all his heirs and his wife's heirs equally." His words are that they are to "share equal share alike." At the time of his decease, the persons entitled to distribution of *his estate* under the statute, if he had died intestate, were Herman Witmer, a brother, Ann Eberly, a sister, and Jacob Knop, the only child of a deceased sister; and the persons entitled to distribution of *his wife's estate* under the same rule, were John Schwartz, the son, and Barbara and Nancy the daughters of a brother who died in 1799. If the legatees take *per stirpes*

the plaintiffs will only be entitled to one-fourth of the residue bequeathed. If they take *per capita*, they will be entitled to one-half of the sum for distribution.

It has been determined that in cases of this description, the statute of distribution furnishes the rule for ascertaining the persons who are to take under the will; but the will itself determines the amount or proportion which each is to take; 1 P. Wms. 327; Green *v.* Howard, 1 Brown's Ch. Rep. 33; 8 Serg. & Rawle, 43. In conformity with the directions of the testator, the persons who would have been entitled as next of kin to himself and the next of kin to his wife are to take equally; that is *per capita* and not by representation. The persons entitled being three in number on each side, it is the opinion of the court that the three plaintiffs claiming as next of kin of the wife, are entitled to one-half of the sum of $5300, in the hands of the defendant for distribution. Judgment for the plaintiffs for the sum of $2650, with costs of suit.

The defendant thereupon sued out this writ, and assigned the following errors in this court:

1. The court erred in giving judgment for plaintiffs for the sum of $2650.

2. The judgment should have been only for the sum of $1325, or one-fourth of the money in hands of executor for distribution.

3. If the claimants take *per capita*, the judgment for plaintiffs should have been for the sum of $1445 45, or *three-elevenths* of the money for distribution.

*Ellmaker* and *J. A. Fisher*, for plaintiff in error, cited 2 Williams on Executors, 730; Davies *v.* Baily, 1 Ves. 84; Worseley *v.* Johnson, 3 Atkyns, 758; Storer *v.* Wheatley's Executors, 1 Barr, 506; 5 Ves. 529; 2 Williams on Executors, 709; 4 Ves. 329; Jesson *v.* Wright, 2 Bligh, 56, 57; 3 Russ. Ch. Ca. 223; 4 Russ. Ch. Ca. 384; Hallowell *v.* Phipps, 2 Whart. 381; Findlay *v.* Riddle, 3 Binn. 160; Rowland *v.* Gorsuch, 2 Cox Ch. Ca. 187; Sloan *v.* Hanse, 2 Rawle, 33; 4 Ves. 766; Holloway *v.* Holloway, 5 Ves. 403; 4 Ves. 649; 1 Roper on Legacies, 85; Crawford *v.* Trotter, 4 Mad. Ch. Rep. 361; 1 Roper on Legacies, 86, 87, and 88.

*Reigart*, contrà, cited Green *v.* Howard, 1 Brown, Ch. Rep. 33; 8 Serg. & Rawle, 44; 1 P. Wms. 327.

PER CURIAM.—The case before us differs from Baskin's Appeal, decided at the present term, in the decisive particular that the wife's

nephew, as well as each of her nieces, is the origin of a separate stock, taking, not by representation through the testator's·wife, but immediately from the testator by the description of one of her heirs. The descendants of one of them dead in the testator's lifetime, would have taken by representation through their parent, and, consequently, no more than their parent's share; but the objects of the bequest in this instance are entitled in their own right. Were they claiming a bequest to the testator's wife, they would have to claim through their parent, and consequently, as representatives collectively entitled to no more than their parent could have claimed; but claiming as immediate legatees who answer to the testator's description of them as his wife's heirs, they claim paramount to her, and consequently not by representation at all. Being of equal degree in the scale of descent, they all take portions.

Judgment affirmed.